[Civ. No. 5062. Third Appellate District.—April 3, 1934.]

RUFUS HATCH KIMBALL, Jr., et al., Respondents, v. HASTINGS TRACT RECLAMATION DISTRICT No. 2060 (a Corporation) et al., Appellants.

Pillsbury, Madison & Sutro, M. D. L. Fuller and L. B. Groezinger for Appellants.

Rufus H. Kimball for Respondents.

THOMPSON, J.—This is an appeal from a writ of *mandamus* issued by the Superior Court of Solano County, directing the treasurer of a reclamation district to distribute a portion of a special fund collected pursuant to a levy assessed for the special purpose of paying particular matured bonds and the accrued interest thereon, in settlement of future obligations of the district, other than the ones for which the call was made.

The appellant is a reclamation district which was organized under the laws of California, February 15, 1922. It comprises 7,396.77 acres of land in Solano County. Pursuant to section 3480 of the Political Code, as the statute then existed, the district authorized the issuance of bonds

of the aggregate par value of $500,000, all of which were ultimately sold. These bonds bear a uniform rate of six per cent interest, payable semiannually. The bonds matured serially in blocks from July 1, 1926, to July 1, 1942. All of the bonds which matured prior to July 1, 1932, aggregating the par value of $100,000, together with accrued interest thereon, were fully paid.

July 1, 1933, bonds aggregating the sum of $40,000 matured. There was also due upon the matured bonds and upon other unmatured bonds the additional sum of $12,000 interest. This aggregate sum of $52,000 was due and unpaid. There was then no money in the treasury of the reclamation district with which to pay these obligations. Pursuant to section 3480 of the Political Code, the defendant George Weniger, as treasurer of Solano County, estimated that the amount of money which was necessary to be raised by assessment upon the property of the Hastings Tract Reclamation District No. 2060, to pay these outstanding obligations, was the sum of $52,000, to which amount he added the further sum of $7,800 "to cover possible delinquencies". This made an aggregate estimate of $59,800, for the collection of which a levy was duly issued pursuant to law April 20, 1933. Upon this call there was collected from three land owners upon fifteen separate assessed tracts of land the aggregate sum of $49,582.04. The remaining sum of $10,217.96, assessed against the respective properties in said district belonging to other land owners, was not paid, and thereupon became delinquent.

The money thus collected and paid into the county treasury under the special call therefor was prorated as follows: To the payment of the principal on bonds due July 1, 1933, the sum of $33,662.72; to the payment of interest on bonds which was due at that time the sum of $11,442.02. This left an undistributed balance of the assessment fund amounting to the sum of $4,477.30. There is no dispute regarding the foregoing facts.

The petitioners in their own behalf, as holders of certain bonds which matured July 1, 1933, and in behalf of other interested bondholders, filed in the superior court of Solano County a petition for a writ of *mandamus*, praying for an order directing the prorating and distribution of the remainder of the undistributed fund, amounting to $4,477.30.

The California Packing Corporation, which is also a land owner in Hastings Tract Reclamation District No. 2060, intervened in that *mandamus* proceeding, asking that the aforesaid undistributed portion of the fund be retained in the reclamation district treasury subject to the future order of the court. To this petition the Hastings Tract Reclamation District No. 2060 filed an answer, praying for an order of distribution of the balance of the fund, and for such further relief as may be deemed proper in the premises. Upon hearing, the trial court issued a writ of *mandamus* directing the treasurer to prorate $45,104.77 of the money collected, in accordance with his previous estimation, leaving a balance on hand of $4,477.30, which the court ordered to be applied *pro rata* upon other bonds when they accrue July 1, 1934. From this decree the Hastings Tract Reclamation District No. 2060 has appealed.

■ The only question to be determined on this appeal is whether the treasurer of a reclamation district is authorized by law to withhold any portion of a special fund which is collected pursuant to section 3480 of the Political Code upon an express call for the payment of specified matured bonds due July 1, 1933, and the accrued interest thereon, and apply the residue ''in the payment of successive annual instalments . . . on account of each of the $40,000 annual maturities of said bonds, which mature serially from July 1, 1934, to July 1, 1942, inclusive'', as directed by the trial court. In other words, does the law authorize the application of any portion of a special assessment, levied for the particular purpose of paying specified matured bonds and the accrued interest thereon, to the payment of other future obligations, while a portion of the bonds and interest for which the assessment was levied, remains unpaid?

We are of the opinion the entire fund, including both principal and interest, which is raised by special assessment pursuant to section 3480 of the Political Code, for the payment of specified matured bonds and the accrued interest thereon, should be applied *pro rata* to the payment only of the particular matured bonds and interest for which it was levied and collected, so long as any portion of such obligations remains unpaid. (*Cooper* v. *Gibson*, 133 Cal. App. 532 [24 Pac. (2d) 952].) It follows that the undistributed portion of the fund, amounting to the sum of

$4,477.30, which remains in the hands of the treasurer for the designated purpose of applying it to future obligations, as directed by the trial court, should be prorated and applied towards the immediate payment of the specified matured bonds and the accrued interest thereon, in the proportion which said undistributed sum of $4,477.30 bears to the unpaid items of principal and interest which are contained therein as specified in the call for the assessment.

Section 3480 of the Political Code reads in part:

"Bond Fund. All moneys collected by any county treasurer upon any assessment upon which bonds shall have been issued, . . . shall be by such treasurer forthwith paid into the main county treasury and . . . shall be credited to the bond fund of such reclamation district *and used exclusively for the payment of principal and interest of said bonds issued on such assessment,* and of the principal and interest of any refunding bonds issued thereon."

The fund above mentioned is provided for by a subsequent subdivision of the same section in the following language:

"Estimate of amount to pay interest and principal. At least ninety days before any interest date of the bonds, including refunding bonds, the county treasurer of the main county shall estimate the amount of money necessary to pay interest and principal maturing on such interest date after crediting thereon the funds in the treasury applicable to the payment thereof, and shall add thereto fifteen per cent of such aggregate sum to cover possible delinquencies."

It is apparent from the language of the statute above quoted that the funds which are levied and collected for the payment of particular bonds and the accrued interest thereon which falls due on a specified date must be used "*exclusively* for the payment of principal and interest of *said* bonds issued on such assessment". It is equally clear that no part of that special "ear-marked fund" may be used to pay other subsequent obligations, while any portion of the particular bonds or the accrued interest thereon, for which the assessment was levied, remains unpaid.

In the Cooper case, *supra,* in construing section 3480 of the Political Code, in a proceeding involving the distribution of a reclamation district fund which was levied for the purpose of paying the interest which had accrued on similar bonds, this court said:

"The money received on account of each call is so far ear-marked that if ordered distributed, it should be ordered distributed so as to apply the money received on account of the call intended to make payment of the interest coupons falling due on July 1, 1932, to the payment of such interest coupons only, and that the moneys received on account of an instalment call intended to raise money for the payment of interest coupons falling due January 1, 1933, should be applied to the payment of such interest coupons only."

While it is conceded by the respondents in this proceeding that the statute was correctly construed in the Cooper case with relation to the payment of interest coupons, it is asserted that rule has no application to the payment of the principal sums represented by the bonds. In this contention we are satisfied the respondents are in error. There is no distinction in the language of the statute regarding the application of the funds derived from a special assessment between the payment of principal and interest. The statute requires such special funds to be "used exclusively for the payment of principal and interest of said bonds issued on such assessment".

There appears to be nothing in the case of *Rohwer* v. *Gibson,* 126 Cal. App. 707 [14 Pac. (2d) 1051], relied upon by the respondent in this case, which is in conflict with the foregoing principle decided by the Cooper case. In fact, the Rohwer opinion recognizes the well-established rule that moneys which are collected by special assessments for a particular purpose constitute trust funds which must be expended for the express purposes for which they are collected. (*Jeweill* v. *City of Superior,* 135 Fed. 19; *Conway* v. *City of Chicago,* 237 Ill. 128 [86 N. E. 619]; *People* v. *Flynn,* 265 Ill. 414 [106 N. E. 961].)

The judgment is reversed, with instructions to direct the treasurer to pay the remaining undistributed portion of said special fund, amounting to the sum of $4,477.30, *pro rata* toward the satisfaction of the bonds which matured July 1, 1933, and the accrued interest thereon, in the proportions which the items of principal and interest bear to the residue of the fund on hand.

Plummer, J., and Pullen, P. J., concurred.